# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
## No. 1:19-CV-00417-WO-JLW

MICHEAL ROGERS,
    Appellant,
v.
CHRIS RICH et al.,
    Appellee.

BRIEF OF APPELLANT

## Statement of Subject Matter and Appellate Jurisdiction

The district court has subject matter jurisdiction under 42 U.S.C. Sec. 1331(a) because the complaint raises a question whether the defendants violated the plaintiff's right under the United States Constitution. This court has appellate jurisdiction under 28 U.S.C. Sec. 1291 because the grant of summary judgment to defendants is a final judgment. Judgment was entered on September 26, 2022, and the plaintiff's notice of appeal was filed on October 1, 2022.

## Statement of Issues Presented for Review

1. Whether the district court in granting summary judgment improperly decided disputed factual issues.

2. Whether the plaintiff's factual allegations of substantial burden on religious practice raised a material issue under the First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA). And failure to remove the plaintiff from SRG violated due process under the Fourteenth Amendment.

## Statement of Case

### A. Statement of the Proceedings

This is a civil rights action under 42 U.S.C. Sec. 1983 brought by a state prisoner who alleges a substantial burden on his religious exercise has been set upon him. The district court granted summary judgment to the defendants on the grounds that a substantial burden on plaintiff's religious exercise has not occurred.

### B. Statement of Facts

The plaintiff alleged in a declaration under the penalty of perjury that the defendant(s) and their policies of religious non-recognition of the Nation of Islam and it's religious literature; mainly The Final Call newspaper and The Supreme Wisdom Lessons, and it's validation of the plaintiff on SRG under the

Five Percent Nation of Gods and Earths (NGE) are acts that have placed a substantial burden on his religious exercise, that's imposed pressure on the plaintiff to violate or abandon his beliefs.

The defendants submitted affidavits, which stated that the plaintiff had alternative means to exercise his religion although the NOI was not a recognized group within NCDPS, he could exercise his religion through Islamic services and any individual needs could be experienced through private devotion in his cell. Defendants also contended that the NGE has history of violence and illegal activity within the prison system and their core beliefs lends itself to racial supremacy, cultural division and extremism and to allow plaintiff to possess material associated with an SRG presents security risk and safety concerns.

The district court held that Defendants' accommodations reveal an impediment that does not rise to the level of a substantial burden and that even if deemed a substantial burden and that even if deemed a substantial burden, the prohibitions on the NGE and NOI further compelling governmental interest of safety and security. That have not prevented Plaintiff from religious worship through access to Islamic services, private devotion and preapproved publications.

## Summary of Argument

The plaintiff's declaration squarely contradicted the factual

allegations of the defendants, and the facts it alleged would have supported a judgment for the plaintiff under the First Amendment and RLUIPA. Summary judgment was therefore improper on the record before the district court.

## Standard of Review

Whether a party is entitled to summary judgment is a question of law over which this Court exercises plenary review. Noonan v. Staples, Inc., 539 F.3d 1, 5 (1st Cir. 2008); Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006).

## ARGUMENT
### POINT 1
### THE DISTRICT COURT SHOULD NOT HAVE GRANTED SUMMARY JUDGMENT BASED ON IT'S RESOLUTION OF DISPUTED FACTS

Summary judgment is to be granted only if the record before the court shows "that there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P.

The plaintiff's declaration squarely contradicts the defendants' position concerning what a substantial burden on religion is. The district court's statement that the impediment does not rise

to the level of a substantial burden, amounts to a judgment about the credibility of the plaintiff's factual allegations. The district court may not make credibility determinations or otherwise resolve disputed factual issues on a motion for summary judgment.

## POINT 2
## THE PLAINTIFF'S FACTUAL ALLEGATIONS RAISE A MATERIAL ISSUE UNDER THE FIRST AMENDMENT AND RLUIPA

A "material" fact is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). The disputed facts alleged by the plaintiff are material. His declaration portrays a substantial burden on his religious exercise when policies in place restricts religious material vital to the religion and validation of the plaintiff for possession of this material as well as failure to remove the plaintiff from the validation placed on him for trying to adhere to his religious precepts and refusal to recognize his religion.

A substantial burden exists "where the state... denies an important benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs. While the compulsion may be indirect, the infringement upon free exercise is nonetheless

substantial." Thomas v. Review Bd. of the Ind. Emp't Sec. Div., 450 U.S. 707, 717-18, 101 S.Ct. 1425, 67 L.Ed 2d 624 (1981). The facts alleged by the plaintiff are evidence that the defendants and their policies infringes upon the plaintiff's First Amendment and RLUIPA and does not meet the least restrictive means test that would support a jury verdict in the plaintiff's favor. See, Coward v. Robinson, 276 F.Supp.3d 544; Marria v. Broaddus 2003 WL 21782633, and Muhammad v. Coughlin, No. 91 Civ 6333 (S.D.N.Y.).

## CONCLUSION

For the foregoing reasons, the grant of summary judgment should be reversed and the case should be remanded to the district court for trial.

Date: Oct. 22, 2022

Signature: Michael Rogers

# CERTIFICATE OF SERVICE

I, Micheal Rogers, hereby certify that on this day, I mailed by placing in the mailbox at Foothills Minimum Custody Unit, 5150 Western Ave., Morganton, NC 28655 Brief of Appellant, addressed to defendants counsel of record as follows:

    Adrina G. Bass
    Assistant Attorney General
    Public Safety Section
    P.O. Box 629
    Raleigh, NC 27602-6629

Date: Oct. 22, 2022

Signature: Micheal Rogers

Micheal Rogers #0350615
5150 Western Ave. /Foothills Corr. Inst.
Morganton, NC 28655

LEGA[L]

Cler[k]
U.S. CO[urt]
For the
Richmo[nd]



RECEIVED
U.S. MARSHALS

MAILED FROM
FOOTHILLS CORRECTIONAL
INSTITUTION 3720

k's Office
URT OF APPEALS
Fourth Circuit
nd, Va 23219